IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BPI SPORTS HOLDINGS, LLC, doing business as BPI Sports, LLC and BPI Sports <br><br> Defendant. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Natural Alternatives International, Inc. ("NAI"), for its complaint against defendant, BPI Sports Holdings, LLC, doing business as BPI Sports, LLC and BPI Sports ("BPI"), alleges as follows:

### PARTIES

1. NAI is a Delaware corporation with its principal place of business in San Marcos, California.

2. BPI is a Florida limited liability corporation with its principal place of business located at 3149 S.W. 42nd Street, Hollywood, Florida. Its products and services are offered to and may be purchased and/or used by citizens of Texas.

### JURISDICTION AND VENUE

3. This is an action for patent infringement arising from Title 35 of the United States Code, 35 U.S.C. §§ 1 *et seq*.

4.       Exclusive jurisdiction over this matter is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1338.

5.       The exercise of personal jurisdiction over the defendant comports with the laws of this State and the constitutional requirements of due process because the defendant transacts business and/or offers to transact business within this State.

6.       Venue is proper in this District under 28 U.S.C. §§ 1391, 1400(b).

## FACTS

**NAI**

7.       NAI is a leading formulator, manufacturer and marketer of nutritional supplements and provides strategic partnering services to its customers.  NAI is a publicly traded company.

8.       NAI's comprehensive partnership approach offers a wide range of innovative nutritional products and services to their clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance.

9.       NAI scientifically designs and customizes nutritional products based on the unique needs of individual clients.  New products and formulas are researched and tested prior to full-scale production.  NAI routinely produces pilot or sample runs of product formulation prototypes to ensure stability and/or efficacy and to determine ingredient interaction and prospective customer acceptance of the final product.  NAI also directs and participates in clinical research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives.

10. NAI certifies that each raw material used meets or exceeds the requirements of the U.S. Food and Drug Administration (FDA), the U.S. Pharmacopoeia (USP) and the Therapeutic Goods Administration of Australia (TGA). Raw materials are also tested to ensure that they are free of harmful pesticides and herbicides and are compliant with state and federal requirements for heavy metal concentration. All of these tests are done by NAI to be in compliance with 21 CFR Part 111 requirements.

11. NAI's marketing and product development experts are accomplished in the areas of market research, supplement design, manufacturing, packaging, distribution, international product registration and regulatory compliance. NAI provides in-house graphic design capabilities and works with clients to create label designs, brochures, videos and other promotional tools to appropriately market its products. The combination of these components is part of a cohesive strategy designed to increase mass-market consciousness, boost brand awareness among the health-conscious consumers and facilitate expansion into new markets and channels of distribution.

12. NAI's success in the formulation, development, manufacturing and marketing of specialized products is predicated on its dedication to research and development, technology, science and state-of-the-art manufacturing. The comprehensive services NAI offers have established NAI as an innovator in the field of nutritional science.

13. NAI is the owner by assignment of U.S. Patent No. 8,067,381 ("the '381 patent"), issued on or about November 29, 2011 and entitled "Methods and compositions for increasing the anaerobic working capacity in tissues". A true and correct copy of the '381 patent is attached as Exhibit 1 and incorporated by reference.

14. NAI owns other United States patents and foreign equivalents related to beta-alanine. NAI also owns the entire right, title and interest to the CarnoSyn® trademark, Serial No. 78372235 and Registration No. 3146289.

15. NAI non-exclusively licenses its beta-alanine patents to Compound Solutions, Inc. ("CSI"). CSI is a global importer and supplier of raw ingredients to contract manufacturers, formulators and distributors in the nutritional supplement, food, beverage, cosmetic and pharmaceutical industries. CSI imports and sells beta-alanine to companies that include the beta-alanine in products for the nutritional supplement market. CSI distributes beta-alanine in the United States. NAI derives its revenue in part from royalty payments made by CSI, where the royalty payments are directly tied to CSI sales of beta-alanine.

**BPI**

16. BPI supplies sports nutrition supplements, including supplements containing beta-alanine. It provides instructions related to the use of sports nutrition supplements, including instructions related to the use and consumption of products containing beta-alanine.

17. BPI manufactures, uses, offers for sale and sells products that contain beta-alanine, including without limitation, 1.M.R™ and bundled products and promotional offers that contain 1.M.R™.

18. BPI represents to the public that these products contain beta-alanine, including without limitation, on the 1.M.R™ product label.

19. BPI's products are advertised and marketed to the public and such products may be purchased from retail stores in this judicial district, BPI's own website (bpisports.net) and third-party websites, including gnc.com and bodybuilding.com.

20. BPI makes, imports, uses, offers for sale and sells products that fall within the scope of one or more claims of the '381 patent. In addition, BPI contributes to and induces others to infringe one or more claims of the '381 patent.

21. BPI is not licensed or authorized to use NAI's intellectual property (including the '381 patent) for the products it sells or methods it teaches. BPI has not purchased beta-alanine used in the accused products from NAI's non-exclusive licensee, CSI.

22. On September 21, 2011, BPI announced a partnership with GNC, a large retail chain with more than 7400 locations, to sell its 1.M.R.™ product.

23. On or about January 4, 2012, NAI sent a cease and desist letter to BPI. To date, BPI has refused to comply.

24. The documents referred to herein are incorporated herein by reference.

## COUNT I
### (Patent Infringement)

25. The foregoing allegations of this complaint are incorporated by reference.

26. BPI has made, used, sold, offered for sale and/or imported products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '381 patent, and will continue to do so unless enjoined therefrom.

27. BPI has contributed to the use, sale and/or offer for sale by others of its infringing products, methods and services.

28. BPI has induced the use, sale and/or offer for sale by others of its infringing products, methods and services.

29. BPI's infringement has been willful.

30. NAI has been irreparably harmed by BPI's acts of infringement.

31. NAI has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

NAI respectfully requests that this Court enter judgment against BPI and that the following relief be granted:

a. judgment that BPI has infringed claims of the '381 patent (35 U.S.C. § 271);

b. judgment that BPI's infringement of claims of the '381 patent was willful;

f. preliminary and permanent injunction against continued infringement (35 U.S.C. § 283);

g. damages for past infringement (35 U.S.C. § 284);

h. increased and trebled damages for willful infringement (35 U.S.C. § 284);

i. imposition of a constructive trust on all proceeds from the sale of accused products;

q. attorneys' fees as allowed by law, including without limitation, 35 U.S.C. § 285;

r. costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

s. such other relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  January 20, 2012          Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil
S.D. Texas Bar No. 30422
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC  20037
(202) 457-6000
(202) 457-6315 (fax)
roparil@pattonboggs.com

Attorneys for Plaintiff
Natural Alternatives International, Inc.

Of Counsel:

Scott Chambers, Ph.D.
Kevin M. Bell
PATTON BOGGS LLP
8484 Westpark Drive, Ninth Floor
McLean, Virginia 22102
(703) 744-8000

Caroline Cook Maxwell
PATTON BOGGS LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201
(214) 758-1500

- 7 -